UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. SADLER, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-0147-TLN-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court dismissed his complaint with leave to amend on December 12, 2019 for failure to state a cognizable claim. ECF No. 9. Plaintiff has filed an amended complaint, which is before the court for screening under 28 U.S.C. § 1915A. ECF No. 14. Plaintiff also seeks appointment of counsel. ECF No. 16.

**I.　Motion for Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

/////

1

Without a reasonable method of securing and compensating counsel, the court can seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted). The test for exceptional circumstances requires the court to evaluate plaintiff's likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Here, plaintiff asks for counsel because he speaks only Spanish. However, as plaintiff has been informed in another action, his poor English is not *per se* an exceptional circumstance. *Ruiz v. Arakaki*, No. 1:170cv091494-AWI-SAB (PC), 2018 U.S. Dist. LEXIS 195271, at *1-3 (E.D. Cal. Nov. 15, 2018). The record in this action reveals that, up to this point, plaintiff has been able to communicate his claims and respond to court orders. While his English is not perfect, it is intelligible. In addition, at this early stage of the case the court cannot evaluate plaintiff's chances of success on the merits, but his claims are (excessive force and, possibly, failure to protect) are commonplace and do not typically present complex legal issues. Accordingly, the motion for appointment of counsel is denied without prejudice. As the case develops, plaintiff may again seek appointment of counsel if he believes that he cannot articulate his claims effectively.

**II.     Screening**

    **A.  Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2  relief." *Id.* § 1915A(b).

3  A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
5  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10 U.S. 662, 679 (2009).

11  To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 action." *Twombly*, 550 U.S. at 555-57.  In other words, "[t]hreadbare recitals of the elements of a
14 cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

15  Furthermore, a claim upon which the court can grant relief must have facial plausibility.
16 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
17 content that allows the court to draw the reasonable inference that the defendant is liable for the
18 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
19 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
20 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
21 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

22  **B. <u>Analysis</u>**

23  Plaintiff claims that defendant Sadler, a correctional officer, used excessive force against
24 him on August 22, 2018 during an escort from the prison law library.  ECF No. 14 at 3.  While
25 Sadler was escorting plaintiff, and defendant Anderson, also a correctional officer, was escorting
26 another inmate (Rojas), Rojas kicked at plaintiff.  *Id.*  Anderson immediately placed Rojas in a
27 prone position.  *Id.*  Then, without any warning or order to get down, defendant Sadler threw his
28 body weight on plaintiff, sending him violently to the floor.  *Id.*  Plaintiff claims that this action

3

1  was unnecessary to restore order or protect plaintiff, because Anderson had already secured Rojas
2  in a prone position and plaintiff remained quietly next to Sadler. *Id.* Plaintiff sustained injuries to
3  his hand, neck, and head and lost consciousness for up to five minutes. *Id.*

4  The Eighth Amendment prohibits prison officials from using excessive force against
5  prisoners. However, force does not amount to a constitutional violation if it is applied in a good
6  faith effort to restore discipline and order and "not maliciously and sadistically for the very
7  purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Hudson v. McMillian*,
8  503 U.S. 1, 7 (1992); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). An excessive
9  force claim under the Eighth Amendment "necessarily involves a more culpable mental state"
10  than that required under the Fourth Amendment's unreasonable seizures restriction. *Clement v.
11  Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). "For this reason, under the Eighth Amendment, we
12  look for malicious and sadistic force, not merely objectively unreasonable force." *Id*. To
13  constitute cruel and unusual punishment, use of physical must be repugnant to the conscience of
14  mankind. *Hudson*, 503 U.S. at 9-10.

15  The relevant factors to consider in evaluating a claim of excessive force in the prison
16  context are: (1) the extent of the injury suffered by an inmate; (2) the need for the application of
17  force; (3) the relationship between that need and the amount of force used; (4) the threat
18  reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity
19  of a forceful response. *Hudson*, 503 U.S. at 7; *Martinez*, 323 F.3d at 1184. In considering these
20  factors, prison authorities "should be accorded wide-ranging deference in the adoption and
21  execution of policies and practices that in their judgment are needed to preserve internal order and
22  discipline and to maintain institutional security." *Whitley*, 475 U.S. at 321 (quoting *Bell v.
23  Wolfish*, 441 U.S. 520, 547 (1970)). The extent of a prisoner's injury is a factor that may suggest
24  whether the use of force could plausibly have been thought necessary in a particular situation. *Id*.

25  For the limited purposes of screening under § 1915A, plaintiff has stated a potentially
26  cognizable claim that defendant Sadler's use of force against him was excessive in violation of
27  the Eighth Amendment.
28  /////

Plaintiff also claims that defendant Anderson violated CDCR rules during the escort by allowing Rojas to walk close enough to plaintiff to kick at him. This claim must be dismissed because there is no independent cause of action for violation of prison rules. *Davis v. Runnels*, No. CIV S-05-1898 FCD EFB P, 2011 U.S. Dist. LEXIS 60680, at *9 (E.D. Cal. June 7, 2011). Plaintiff's previous claim against Anderson – that he had failed to protect plaintiff from Rojas's attack – was dismissed in the court's prior screening order because plaintiff had not stated facts showing that Anderson was aware that Rojas posed a risk of harm to plaintiff and intentionally ignored that risk. ECF No. 9 at 3. Thus, the court has provided plaintiff two opportunities to state a viable claim against Anderson. Out of deference to plaintiff's incarceration, pro se status, and language issues, the court will grant plaintiff one last opportunity to file an amended complaint to attempt to state a viable claim against Anderson. Plaintiff is not obligated to amend his complaint, though; he may elect instead to proceed on his first amended complaint with his claim against Sadler only.

If plaintiff elects to file a second amended complaint, that pleading must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

5

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## III. Order

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's January 29, 2020 motion for appointment of counsel (ECF No. 16) is denied without prejudice.
2. Plaintiff's amended complaint states, for screening purposes, a potentially cognizable excessive force claim against defendant Sadler.
3. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
4. Within thirty days, plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file a second amended complaint. If the former option is selected and returned, the court will enter an order directing service on defendant Sadler at that time.
5. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: April 15, 2020.

                                          EDMUND F. BRENNAN
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>            Plaintiff,<br><br>  v.<br><br>C. SADLER, et al.,<br><br>            Defendants. | No. 2:19-cv-0-147-TLN-EFB P<br><br>NOTICE OF INTENT TO PROCEED OR AMEND |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with his excessive force claim against defendant Sadler;

OR

(2) _____   delay serving any defendant and file a second amended complaint.

_____
                                      Plaintiff

Dated: