1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                      FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    ROGELIO MAY RUIZ,                          Case No. 2:19-cv-00147-TLN-JDP (PC)

10                        Plaintiff,            ORDER DENYING APPOINTMENT OF
                                                COUNSEL
11            v.
                                                ECF No. 31
12   C. SADLER,
                                                FINDINGS AND RECOMMENDATIONS
13                        Defendant.            THAT DEFENDANT'S MOTION TO
                                                DISMISS FOR FAILURE TO EXHAUST
14                                              ADMINISTRATIVE REMEDIES BE
                                                GRANTED
15
                                                OBJECTIONS DUE IN 14 DAYS
16
                                                ECF No. 29
17

18

19          Plaintiff Rogelio May Ruiz is a state prisoner proceeding without counsel in this civil

20   rights action brought under 42 U.S.C. § 1983.  He claims that another inmate tried to attack him

21   on August 22, 2018.  ECF No. 14 at 3.  After the attacker was restrained, defendant Sadler

22   allegedly used excessive force against plaintiff, forcing him to the floor and causing injuries to his

23   hand and head.  *Id.*  Defendant Sadler has filed a motion to dismiss, arguing that plaintiff's failure

24   to exhaust administrative remedies is apparent from the face of the complaint.  ECF No. 29.

25   Plaintiff has filed an opposition and a request for counsel, ECF No. 31, and defendant Sadler has

26   filed a reply, ECF No. 33.  I recommend that defendant Sadler's motion be granted because the

27   complaint on its face shows that plaintiff did not exhaust his third-level administrative remedies,

28

                                                 1

1  and plaintiff's arguments for excusing the exhaustion requirement—though perhaps compelling

2  as a matter of equity—lack legal support.

3  Appointment of Counsel

4       Before addressing the motion to dismiss, I consider plaintiff's request for counsel.  He

5  argues that counsel should be appointed because he does not speak fluent English and cannot

6  understand legal rules or terms.  ECF No. 31 at 1.  I am sympathetic to the difficulty pro se

7  prisoners face in litigating their cases, especially those with limited English comprehension.  But

8  plaintiff does not have a constitutional right to appointed counsel, *see Rand v. Rowland*, 113 F.3d

9  1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff.

10  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  I

11  could request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may

12  request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.

13  However, without a means to compensate counsel, I will seek volunteer counsel only in

14  exceptional circumstances.  In assessing whether such circumstances exist, "[I] must evaluate

15  both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his

16  claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525

17  (internal quotation marks and citations omitted).  Here, considering plaintiff's failure to exhaust

18  administrative remedies, I cannot conclude that he is likely to succeed.

19  Motion to Dismiss

20       A motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of a claim, and

21  granting the motion is proper if there is no cognizable legal theory of liability or if insufficient

22  facts are alleged to support a cognizable theory.  *See Conservation Force v. Salazar*, 646 F.3d

23  1240, 1241-42 (9th Cir. 2011).  A court's review is generally limited to the operative pleading.

24  *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  A pleading is

25  sufficient under Rule 8(a)(2) if it contains "a short and plain statement of the claim showing that

26  the pleader is entitled to relief" that gives "the defendant fair notice of what the . . . claim is and

27  the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

28  (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Additionally, a court must construe a pro se

2

1   litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and

2   may only dismiss such a complaint "if it appears beyond doubt that the plaintiff can prove no set

3   of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849

4   F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

5          A defendant may raise the issue of administrative exhaustion in cases where failure to

6   exhaust is obvious from the face of the complaint.  *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir.

7   2014) (en banc).  Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought

8   with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

9   prisoner confined in any jail, prison, or other correctional facility until such administrative

10  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This statutory exhaustion

11  requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532

12  (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v.*

13  *Churner*, 532 U.S. 731, 741 (2001).  Unexhausted claims must be dismissed.  *See Jones v. Bock*,

14  549 U.S. 199, 211 (2007).  A prison's own grievance process, not the PLRA, determines how

15  detailed a grievance must be to satisfy the PLRA exhaustion requirement.  *Id.* at 218.  The

16  administrative remedy process of the California Department of Corrections and Rehabilitation

17  ("CDCR") is applicable here.  *See* Cal. Code of Regs. tit. 15, § 3084 (2019).[1]  To exhaust

18  available remedies during the relevant time period, an inmate must proceed through three formal

19  levels of review unless otherwise excused under the regulations.  *Id.* § 3084.1(b).  Cancellation or

20  rejection of a grievance does not exhaust administrative remedies.  *Id.*

21          Plaintiff attached his grievances to the operative complaint, ECF No. 14, showing that he

22  exhausted the first two levels of review.  *Id.* at 7-10, 12-13.  His grievance was rejected at the

23  third level of review for failure to include a "CDCR Form 1858, Rights and Responsibilities

24  Statement."  *Id.* at 26.  The rejection informed plaintiff that he could correct the problem and

25  resubmit his grievance.  *Id.*  It also stated that, if he did not take timely corrective action, his

26

27          [1] As of June 2020, the CDCR administrative appeal regulations have been repealed and
    replaced.  ECF No. 29-1 at 5 n.5.  The newer regulations do not govern exhaustion in this action,
28  however.

3

1  grievance would be cancelled, and a separate grievance could be filed on the cancellation

2  decision.  *Id.*  In his opposition, plaintiff concedes that he did not resubmit his rejected grievance

3  or appeal a cancelled grievance.  ECF No. 31 at 2.  He raises three arguments as to why his failure

4  to exhaust third level administrative remedies should be excused.  None find traction in the law.

5          First, plaintiff argues that he did not understand the third level rejection notice because of

6  his limited English.  *Id.*  In *Ross v. Blake*, the Supreme Court held that "the PLRA's text suggests

7  no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'"

8  136 S. Ct. 1850, 1856 (2016).  Another court in this district recently held that, under *Ross*, an

9  inmate who was unable to read or write was not excused of his obligations to exhaust.  *Ramirez v.

10  Rose*, No. 2:19-cv-0827-KJN-P, 2020 U.S. Dist. LEXIS 68196, * 16 (E.D. Cal. Mar.4, 2020),

11  *adopted at* 2020 U.S. Dist. LEXIS 68142 (E.D. Cal., Apr. 16, 2020) ("The undersigned is

12  sympathetic to plaintiff's learning and reading disability and mental health needs.  However,

13  plaintiff cites no legal authority demonstrating that such conditions, standing alone, render

14  administrative remedies unavailable, and this court has not found any.").  Harsh though it may be,

15  *Ross* leaves the court little flexibility: "mandatory exhaustion statutes like the PLRA establish

16  mandatory exhaustion regimes, foreclosing judicial discretion."  136 S. Ct. at 1857.

17          Second, plaintiff argues that he exhausted his administrative remedies because his

18  grievance was partially granted at the second level.  ECF No. 31 at 2-3.  The CDCR regulations

19  require third-level exhaustion, however, and it is those regulations that define exhaustion

20  requirements for the PLRA.  *Jones*, 549 U.S. at 218.

21          Third, plaintiff argues that he exhausted because he submitted his grievance, and no other

22  "proof" from a prison or hospital existed.  ECF No. 31 at 3.  His third-level grievance was not

23  rejected because it lacked "proof," however, but because he did not submit a "Rights and

24  Responsibilities Statement."  Plaintiff does not dispute that he failed to submit such a statement.

25          Defendant Sadler's motion should be granted because, on the face of the complaint,

26  plaintiff did not exhaust his administrative remedies as required by the CDCR regulations.

27          It is ORDERED that plaintiff's request for appointment of counsel (ECF No. 31) be

28  DENIED.

1          Further, it is RECOMMENDED that defendant's motion to dismiss (ECF No. 29) be

2    GRANTED and plaintiff's claims against him be dismissed without prejudice.

3          I submit these findings and recommendations to the district judge under 28 U.S.C.

4    § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

5    Eastern District of California.  Within 14 days of the service of the findings and

6    recommendations, the parties may file written objections to the findings and recommendations

7    with the court and serve a copy on all parties.  That document should be captioned "Objections to

8    Magistrate Judge's Findings and Recommendations."  The district judge will review the findings

9    and recommendations under 28 U.S.C. § 636(b)(1)(C).

10   IT IS SO ORDERED.

11

12   Dated:    January 11, 2021                        _____

13                                                      JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE

5